IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROGER ANDREW RAMON,<br><br>Petitioner,<br><br>vs.<br><br>CHARLES RYAN, et al.,<br><br>Respondents. | No. CV 09-560-TUC-CKJ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Roger Andrew Ramon, presently confined in the Arizona State Prison Complex, Central Unit, in Florence Arizona, has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 1.) Respondents have filed an answer to the petition ("Answer") with exhibits A through J attached. (Doc. 11.) No reply was filed.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

    A.  First Indictment

An indictment was filed in Pima County Superior Court on June 16, 2006, charging Petitioner with: one count of armed robbery; one count of aggravated robbery; three counts of aggravated assault with a deadly weapon/dangerous instrument, and; two counts of

prohibited possession of a deadly weapon. (Answer, Ex. A.) Allegations of dangerous nature, prior convictions, prior convictions of a dangerous nature, and serious offense conviction were filed. (*Id.*)

### B. Plea

On November 9, 2006, Petitioner signed a plea agreement, and entered a plea to one count of armed robbery and one count of aggravated assault, a dangerous nature offense. (*Id.*, Exs. C, D.)

### C. Sentence

At sentencing, on April 19, 2007, the State argued for consecutive sentences. (*Id.*, Ex. B, at 3.) Petitioner's counsel requested concurrent sentences, noting Petitioner's health and family support. Counsel suggested that if the court was inclined to partially aggravate the armed robbery sentence to add additional time but run the sentences concurrently, it would be preferable to consecutive sentences. (*Id.*, at 5-6.) The court sentenced Petitioner to the presumptive term of ten and a half years for the armed robbery, and, the mitigated term of five years for the aggravated assault, to run consecutive to the armed robbery. (*Id.* at 8; Petition, Ex. G.)

### D. First Petition for Post-Conviction Relief

Petitioner filed a *pro se* Notice of Post-Conviction Relief in the trial court on May 2, 2007. (Answer, Ex. E.) The trial court appointed counsel (Petition, Ex. A) and a petition for post conviction relief was filed on October 18, 2007, alleging the trial court erred by imposing consecutive sentences without stating on the record its reasons for doing so. (Answer, Ex. F.) The state filed a response, conceding Petitioner's argument that the trial court failed to state on the record its reason for imposing consecutive sentences. (Petition., Ex. C.) The state had no objection to setting the case for a re-sentencing. (*Id.*) On November 28, 2007, the trial court dismissed the petition, stating that under Arizona law, Petitioner was not entitled to relief. (Answer, Ex. G.)

On December 14, 2007, the trial court granted an extension of time until January 28, 2008, to file a petition for review. Petitioner filed a *pro se* petition for review to the court

of appeals on January 15, 2008. (Answer, Ex. H.) Petitioner asserted that his sentences were illegal under state law (Ariz.Rev.Stat. § 13-708 (A), currently renumbered as § 13-711(A)) and that his due process rights had been violated. (*Id.*) Petitioner also requested appointment of counsel to brief the issues raised in his petition for review. (*Id.*)

The court of appeals granted review, but denied relief in a memorandum decision filed on August 28, 2008. (Answer, Ex. I.) The court of appeals found that Petitioner did not challenge the trial court's conclusion with respect to § 13-708 in his petition for review, although it did find that the trial court did not abuse its discretion in summarily dismissing the claim pursuant to Rule 32.6(c), Arizona Rules of Criminal Procedure. The court of appeals did not reach the additional allegations of illegal sentences and due process violation raised in the petition for review for the first time, finding that pursuant to Rule 32.9(c)(1)(ii), the issues were not properly before the court for review. (*Id.*) The court of appeals also denied Petitioner's request for appointment of counsel. (*Id.*) The court of appeals mandate was filed on October 8, 2008. (Answer, Ex. J, Petition, Ex. F.)

E. Federal Habeas Petition

On October 1, 2009, Petitioner filed the instant habeas petition, raising four grounds for relief. (Doc. 1.) In Ground I, he alleges that he was not sentenced in accordance with Arizona law in violation of his Sixth and Fourteenth Amendment rights. In Ground I, Petitioner alleges the sentencing judge abused his discretion in violation of Petitioner's Fifth and Fourteenth Amendment rights by refusing to run Petitioner's sentences concurrently on post-conviction review. In Ground III, Petitioner alleges he received ineffective assistance of counsel in his post-conviction proceedings. In Ground IV, he alleges his Fourteenth Amendment due process and equal protection rights were violated by the Arizona Court of Appeals denial of review from his state post-conviction proceedings.

II. **DISCUSSION**

A. Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

B. Statute of Limitations

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, — S.Ct. —, 2010 WL 2346549 (U.S. June 14, 2010). A petitioner is entitled to equitable tolling only upon a showing of (1) a diligent pursuit of petitioner's rights; and (2) extraordinary circumstances that stood in petitioner's way, preventing timely filing. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 *(9th Cir. 1997), overruled on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*), and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

C. Exhaustion of State Remedies

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, which means he must have presented in state court every claim raised in his federal habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his federal claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition). Exhaustion of state remedies is required in order to give the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). To meet the exhaustion requirement, the petitioner must have "fairly present [ed] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the ... [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-366. *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir.2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365-366.

A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *Baldwin*, 541 U.S. at 32-33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims, since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must fairly present the substance of the federal claim); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds); *Gatlin v.*

*Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim).

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. A discretionary petition for review to the Supreme Court of Arizona is not necessary for purposes of federal exhaustion. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir, 1999); *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals); *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (quoting *Swoopes* for assertion that in cases not carrying a life sentence or the death penalty, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them"). Contrary to Respondents' assertion, in Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *See Crowell v. Knowles*, 483 F.Supp.2d 925 (D.Ariz.2007)(discussing *Swoopes,* 196 F.3d at 1010).

In some instances a claim can be technically exhausted even though the state court did not address the merits. This situation is referred to as "procedural bar" or "procedural default." *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991)("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir.2002). The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas

> petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer "available" to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal quotation marks and citations omitted). In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman,* 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1. This is often referred to as "technical" exhaustion, because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy.

Thus, if a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[1] *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989); *Franklin*, 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq*. of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the

---

[1] The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver. *See Cassett v. Stewart*, 406 F.3d 614 (9th Cir.2005). The issue of waiver must be affirmatively raised by the petitioner. *See Beaty v. Stewart*, 303 F.3d 975, 987 & n. 5 (9th Cir.2002).

exception of certain claims[2] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is timebarred. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir.2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir.1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or demonstrates that a fundamental miscarriage of justice would result. Coleman, 501 U.S. at 750; *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992).

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence," *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong

---

[2] Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**III.    ANALYSIS**

   A.    <u>Timeliness</u>

Respondents submit that the Petition exceeded the 1-year statute of limitations and there is no statutory or equitable basis for tolling the limitations period. (*See* Answer, at 4-6.) Respondents assert that Petitioner's conviction and sentence became final on September 22, 2009, the first court day after the conclusion of the 30-day period during which Petitioner could have, but did not, petition the Arizona Supreme Court to review the Arizona Court of Appeals' August 22, 2008 memorandum decision. Under Respondents calculation, Petitioner's federal petition, filed on November October 1, 2009, is untimely, absent statutory or equitable tolling, by 41 days.

Petitioner asserts that his petition is timely, having been filed within a year of the final mandate issued October 8, 2008.

   1.    *Date on which conviction and sentence became final*

The first "of-right proceeding," available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Thus, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id*; see 28 U.S.C. § 2244(d)(1)(A) (stating that the judgment becomes final at the later of either the conclusion of direct review or the expiration of time for seeking such review).

In Arizona, when the court of appeals grants review of a petition, but denies the petition, direct review is not final until the mandate has issued. See Ariz.R.Crim.P. 32.23. Rule 32.23(a)(1) states that "[i]f there has been no motion for reconsideration and no petition

for review filed, the clerk of the Court of Appeals *shall issue the mandate at the expiration of the time for the filing of such motion or petition.*" (emphasis added).

Arizona courts have expressly stated that a judgment is not final until the mandate has issued. ""The decision of the appellate court does not become final until the order (or mandate) is filed." *State v. Ward*, 120 Ariz. 413, 415, 586 P.2d 974 (1978); *see also Borrow v. El Dorado Lodge, Inc.*, 75 Ariz. 218, 220, 254 P.2d 1027 (1953) (stating appellate court's judgment becomes effective on "the date of the issuance of the mandate"); *State v. Sepulveda*, 201 Ariz. 158, 159 n. 2, 32 P.3d 1085 (Ariz.App.2001) ("A conviction becomes final upon the issuance of the mandate affirming the conviction on direct appeal and the expiration of the time for seeking certiorari in the United States Supreme Court."); *State v. Dalglish*, 183 Ariz. 188, 190, 901 P.2d 1218 (Ariz.App.1995) ("We conclude that Petitioner's case was final on ... the date the Arizona Supreme court issued its mandate."); *State v. Jones*, 182 Ariz. 432, 432-434, 897 P.2d 734 (Ariz.App.1995) ("It is true that, in cases where there is an appeal pending, the final deadline [to file for post-conviction relief] will be unknown until the appeal is resolved and the mandate has issued."); *Owen v. Shores*, 24 Ariz.App. 250, 537 P.2d 978, 981 (1975) ( "There was still the necessity for issuance of the Court's mandate, and for the trial court to take the necessary action to enforce the mandate...."); *State v. Febles*, 210 Ariz. 589, 592, 115 P.3d 629 (Ariz.App.2005) (Conviction became final on date the court issued the mandate after time for further review expired.). Because the appellate court issued a decision denying relief and petitioner did not seek review, the mandate issued on October 8, 2008, and concluded appellate review.

In *Hemmerle v Schriro*, 495 F.3d 1069, 1073-74 (9th Cir.2007), the Ninth Circuit held that a state petition for post-conviction relief becomes final when appellate review is denied because then there is nothing for the state courts to do and, therefore, nothing remains pending. *Hemmerle* is inapplicable because there was no denial of review by any reviewing court. Under the Arizona rules, there is no requirement for a mandate to issue from a denial of review. Under such circumstances, review is final when denied. There is nothing more for the reviewing court to do.

Here, the appellate court granted review and issued a decision, which became final when it issued the mandate as required by Rule 31.23. Here, once the appellate court issued its decision, it still needed to issue the mandate, which issued on October 8, 2008. Therefore, Petitioner had 365 from October 8, 2008, or until October 8, 2009, to file his federal habeas petition. Under the "prison mailbox rule" a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner's federal petition indicates he placed the federal petition in the prison mailing system on September 23, 2009. Accordingly, the Magistrate Judge finds that the Petition is timely filed.

### 2. *Equitable Tolling*

Alternatively, should the District Court conclude that Petitioner's conviction and sentence became final on September 22, 2009, the first court day after the conclusion of the 30-day period following the entry of the memorandum decision denying relief by the Arizona Court of Appeals' on August 22, 2008, then the federal Petition, filed one day late, on September 23, 2009, is untimely

Petitioner raises no grounds for equitable tolling in his petition, and did not file a reply. Petitioner does not make a sufficient showing that there are "extraordinary circumstances" that would have caused the untimely filing of his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, this Court finds no cause for equitably tolling the limitations period in this case.

### B. Ground I:

Petitioner argues in Ground I of his Petition that he was not sentenced in accordance with Arizona Revised Statutes. Specifically, the sentencing judge failed to give a reason for imposing consecutive sentences ("subclaim (A)"), the sentencing judge failed to give a specific reasons for imposing a mitigated sentence consecutive to a presumptive sentence ("subclaim (B)"), and failed to sentence Petitioner concurrently on two counts which resulted from the same indictment, or "spree" offense, all in violation of state law ("subclaim (C)).

(Petition, p. 6.) Petitioner states that this violates the Sixth and Fourteenth Amendments of the United States Constitution.

### 1. *Cognizable Federal Claim*

Respondents assert that Ground I (subclaims A-C) of the Petition is not amenable to federal review. Respondents are correct. A violation of state law is not grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Petitioner argues no set of facts that support a federal claim.

Although Petitioner did assert a violation of the Sixth and Fourteenth Amendment of the Constitution, Petitioner does not elaborate in these federal habeas proceedings how the alleged error by the State Courts presents a cognizable federal claim. Petitioner's reference to federal law does not transform this claim into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)(Petitioner may not transform a state-law issue into a federal one merely by asserting a constitutional violation; alleged errors in the application of state law are not cognizable in federal habeas corpus.) Petitioner is challenging the State Court's application of a state law, not a federal law.

Accordingly, the Magistrate Judge recommends that Ground I be dismissed as failing to present a cognizable federal claim, pursuant to 28 U.S.C. § 2254(a).

### 2. *Procedural Default*

Alternatively, Petitioner failed to exhaust subclaim A of Ground I in the state courts. Petitioner's right to direct review having been completed, he would have to present this claim in an additional petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to fairly present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1

and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, federal habeas review of subclaim A of Ground I is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

Petitioner argued subclaims B and C of Ground I for the first time in his petition for review to the court of appeals. (See Doc. No. 11, Ex. I, Court of Appeals Memorandum Decision, at 2.) The court of appeals summarily denied review on these claims. The court of appeals further found that the one claim he raised in his petition for post-conviction relief to the trial court (subclaim A) was specifically not raised in his petition for review. (*See Id,* at 3.)

If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent" and "adequate"--review of the merits of the claim by a federal habeas court is barred. *See Ylst,* 501 U.S. at 801 ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (*citing Wainwright v. Sykes*, 433 U.S. 72, 87- 88 (1977) and *Murray v. Carrier*, 477 U.S. at 485-492. A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). A state procedural default rule is "adequate" if it is "strictly or regularly followed." *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-53 (1982)). The Magistrate Judge finds that the State appellate court's preclusionary ruling is an independent and adequate procedural bar. Because the procedural bar is adequate and

1  independent, federal review of subclaims B and C is foreclosed unless Petitioner can
2  demonstrate cause and prejudice or a fundamental miscarriage of justice.

3.  *Cause and Prejudice/Fundamental Miscarriage*

Petitioner has procedurally defaulted the claims asserted in Ground I of his federal habeas petition. Petitioner has not established cause for his procedural default for either claim.

Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present any of his grounds for relief to the Arizona courts. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)(finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988)(finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule, as demonstrated by his ability to file his petition for post-conviction relief and petition for review - Petitioner merely failed to raise the procedurally defaulted issues.

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard. Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the court declined to review the procedurally defaulted claims on the merits.

C.  Ground II:

Petitioner argues in Ground II of his Petition that the trial court abused its discretion by failing to correct or modify his sentences to run concurrently, especially since the State conceded to a resentencing. Petitioner asserts that this is a Fifth and Fourteenth Amendment violation. (Doc. 1, at 7.)

1. *Cognizable Federal Claim*

Respondents assert that Ground II of the Petition is not amenable to federal review. Respondents are correct. A violation of state law is not grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). Petitioner presents no legal theory nor does he argue a set of facts that support a federal claim.

Although Petitioner does assert a violation of the Fifth and Fourteenth Amendment of the Constitution, Petitioner does not elaborate as to how the alleged error by the state courts presents a cognizable federal claim. Petitioner's reference to federal law does not transform this claim into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)(Petitioner may not transform a state-law issue into a federal one merely by asserting a constitutional violation; alleged errors in the application of state law are not cognizable in federal habeas corpus.) Petitioner is challenging the state court's application of a state law, not a federal law.

Accordingly, the Magistrate Judge recommends that Ground II be dismissed as failing to present a cognizable federal claim, pursuant to 28 U.S.C. § 2254(a).

2. *Procedural Default*

Alternatively, Petitioner argued in his petition for review to the court of appeals that he was deprived due process of law under the United States Constitution by the trial court's decision to deny him an evidentiary hearing. (Doc. 11, Ex. H, at 2F.) The court of appeals acknowledged that Petitioner raised this claim in his petition for review, but made a determination that the trial court did not abuse its discretion by denying Petitioner an evidentiary hearing because it correctly resolved the purely legal issue raised in Petitioner's petition for post-conviction relief. (Doc. 11, Ex. I, at 3.) The court of appeals specifically noted, however, that Petitioner did "not challenge the trial court's conclusion with respect to § 13-708 in his petition for review, but raises new claims of alleged error that were never

considered or decided by the court." (*Id.*) Accordingly, the Magistrate Judge finds that Petitioner failed to exhaust Ground II of this habeas petition.

Because Petitioner failed to exhaust Ground II, and his right to direct review is completed, he would have to present this claim in an additional petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to fairly present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). This claim, therefore, is procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, federal habeas review of Ground II is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488. As noted above, Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice, that would excuse the procedural default of Ground II.

D. <u>Ground III</u>

Petitioner argues in Ground III that counsel appointed to represent him in his post-conviction relief proceedings provided ineffective representation by failing to properly present issues to the sentencing judge, in violation of Petitioner's Sixth and Fourteenth Amendment Constitutional rights.

    1. *Procedural Default*

Petitioner failed to present his claim of ineffective assistance of counsel to the trial court in either his petition for review to the court of appeals, or in a subsequent round of post-conviction proceedings. Accordingly, the Magistrate Judge finds that Petitioner failed to properly exhaust Ground III of this habeas petition.

Because Petitioner failed to exhaust Ground III, and his right to direct review is completed, he would have to present this claim in an additional petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to fairly present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a). Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). This claim, therefore, is procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, federal habeas review of Ground III is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

        2.    *Cause and Prejudice/Fundamental Miscarriage*

Petitioner asserts that he "was incorrectly advised ... that he ... could not complain about his lawyer in the petition for review." (Doc. 1, at 8.) The Court construes this assertion as an argument that procedural default of Ground III was caused by ineffective assistance of Rule 32 counsel. The ineffectiveness of constitutionally required counsel can establish "cause." *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998). Although there is no Sixth Amendment right to effective assistance of post-conviction counsel, *Moormann v.*

*Schriro*, 426 F.3d 1044, 1058 (9th Cir.2005), there is such a right with respect to counsel on the first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Petitioner forfeited his right to direct appeal by entering a guilty plea. Ariz.Rev.Stat. § 13-4033(B). Consequently, his first round of post-conviction proceedings was his first appeal as of right, and he may challenge the effectiveness of his post-conviction counsel. *See State v. Pruett*, 185 Ariz. 128, 130 (1995). However, a claim of ineffective assistance of counsel showing "cause" is itself subject to the exhaustion requirements. *Murray*, 477 U.S. at 492; *Edwards v. Carpenter*, 529 U.S. 446 (2000). Before an allegation of ineffective assistance of counsel (IAC) may be used to establish cause for a procedural default, it must have been presented to the state court as an independent claim. *Edwards*, 529 U.S. at 451-53. Here, Petitioner never exhausted this claim directly in that he never asked any state court to grant him a new round of post-conviction-relief based on his claim that his "of-right" counsel was ineffective. Consequently, Petitioner has failed to establish cause for the default. Moreover, it is unlikely Petitioner could establish that counsel's advice was, in fact, defective, as, under Arizona law, review of ineffective assistance of counsel claims are to be brought raised in PCR proceedings rather than on direct appeal. *State v. Spreitz*, 202 Ariz. 1, 3(2002).

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard. Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider this claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the court declined to review the procedurally defaulted claim on the merits. The Magistrate Judge finds that Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice, that would excuse the procedural default of Ground III.

E. <u>Ground IV</u>

Petitioner argues in Ground IV that the court of appeals chose not to consider claims presented in the petition for review, citing that the issues had not been presented properly,

1 although it was evident that serious errors had occurred at the state level that rose to the
2 magnitude of constitutional violations of the due process and equal protection clauses of the
3 14th Amendment. (Doc. 1, at 9.) Respondents assert that Petitioner failed to properly exhaust
4 this claim, and it is not procedurally defaulted.

### 1. *Procedural Default*

Petitioner failed to raise his claim that the appellate court's procedural default ruling violated his right to due process or equal protection in the state courts. Accordingly, the Magistrate Judge finds that Petitioner failed to exhaust Ground IV of this habeas petition.

Because Petitioner failed to exhaust Ground IV, and his right to direct review is completed, he would have to present this claim in an additional petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to fairly present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). This claim, therefore, is procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

Accordingly, federal habeas review of Ground IV is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488. As noted above, Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice, that would excuse the procedural default of Ground IV.

**IV. RECOMMENDATION**

1   The Magistrate Judge recommends that the District Court DISMISS this action in its entirety.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 09-0560-TUC-CKJ**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir)(2003).

DATED this 23rd day of July, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge